In re George COLEVINS, Debtor

STONE MOUNTAIN ACCEPTANCE CORPORATION, Plaintiff,

v.

George COLEVINS and J. Sam Plowden, Trustee, Defendants.

Bankruptcy No. 80–03057A.
Adv. No. 81–0359A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Aug. 13, 1981.

Gunar A. Brunavs, Atlanta, Ga., for plaintiff.

Sampson Oliver, Jr., Atlanta, Ga., for defendant, Colevins.

J. Sam Plowden, Atlanta, Ga., trustee.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On September 3, 1980, the above-referenced debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code. A Chapter 13 plan, statement, disclosure statement, summary, and master list of creditors were not filed at the time. On September 8, 1980, the debtor filed his master list of creditors. The debtor listed Delfax Financial Corporation on his master list of creditors but directed that correspondence to Delfax Financial Corporation be sent to Harrison, Kovacich, Naughton & Associates of Decatur, Georgia. On October 20, 1980, the debtor filed his Chapter 13 plan, statement, summary of debts and property, disclosure statement, and supplemental master list of creditors. On November 4, 1980, Stone Mountain Acceptance Corporation (hereinafter "SMAC") sold the property of the debtor located at 878 Nee-dle Drive, Forest Park, Clayton County, Georgia, pursuant to a power of sale contained in the deed to secure debt which SMAC held on the above-described property. On November 25, 1980, Herbert A. Cato and Robin Cato paid $100.00 earnest money to SMAC for the purchase of the property located at 878 Needle Drive, Forest Park, Clayton County, Georgia, and on December 3, 1980, the Catos purchased said property from SMAC for approximately $22,000.00.

On April 30, 1981, Herbert A. Cato and Robin Cato filed their motion to intervene in the above-styled proceeding. A hearing was held on the Catos' motion on June 24, 1981 and was continued to July 21, 1981. This Court finds, after hearing evidence and argument of counsel, that pursuant to Rule 24 of the Federal Rules of Civil Procedure the Catos claim an interest relating to the property which is the subject of this case and that they are so situated that the disposition of this action may as a practical matter impair or impede their ability to protect that interest. Therefore, Herbert A. and Robin Cato are ordered to be, and hereby are, made parties to the above-styled proceeding.

Hearings were held in the instant case on March 26, 1981, April 6, 1981, June 24, 1981, and July 21, 1981. The issues which were the subject of these hearings was whether Herbert A. and Robin Cato are good faith purchasers for present fair equivalent value of the above-cited real property located in Clayton County, Georgia, without knowledge of the commencement of the debtor's case and whether a copy of the debtor's petition was filed in the real property records office in Clayton County, Georgia. Though these issues were not raised specifically in the pleadings of the parties, pursuant to Federal Rules of Civil Procedure 15, the pleadings will conform to the proof presented and these issues are therefore deemed to have been raised.

After hearing evidence and argument of counsel, this Court finds as fact that:

1.

On or about December 3, 1980, the value of the real property located at 878 Needle Drive, Forest Park, Georgia, was approximately $22,000.00.

2.

Herbert A. Cato and Robin Cato purchased said property in good faith and for present fair equivalent value from SMAC.

3.

Herbert A. Cato and Robin Cato had no knowledge of the commencement of the above-referenced debtor's case until April, 1981.

4.

A copy of the debtor's petition was not filed in the office of the real estate records in Clayton County, Georgia, on or before December 3, 1980.

5.

Therefore, Herbert A. Cato and Robin Cato are good faith purchasers without knowledge of the commencement of the case and for present fair equivalent value prior to the time a petition was filed in the office of real estate records in Clayton County, Georgia, and are thus within the ambit of 11 U.S.C. § 549(c).

Furthermore, this Court orders that the purchase by Herbert A. Cato and Robin Cato of the property of the debtor located at 878 Needle Drive, Forest Park, Georgia, through SMAC, be, and it hereby is, confirmed.

This Order which confirms the sale under § 549(c) moots any need for SMAC to seek relief from the automatic stay of 11 U.S.C. § 362.

IT IS SO ORDERED.