In re PRESIDENTIAL ROW,
INC., Debtor.

PRESIDENTIAL ROW, INC., Plaintiff,

v.

CITIZENS SAVINGS BANK, Defendant.

Bankruptcy No. 83–00490.
Complaint No. 83–0373.

United States Bankruptcy Court,
D. South Carolina.

June 21, 1983.

Donald J. Budman, Charleston, S.C., for plaintiff.

G.L. Buist Rivers, Jr., Charleston, S.C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter came before the court on the plaintiff's complaint to set aside and cancel the foreclosure deed to the defendant.

The defendant, in its answer, moved for dismissal of the complaint and modification of the automatic stay in order to complete the foreclosure and sale of the real estate involved on the grounds: that the real estate is not "property of the bankruptcy estate" as defined in 11 U.S.C. § 541(a); that because the real estate involved was not "property of the estate" the court lacked jurisdiction over the defendant and the property; and that the plaintiff had failed to provide adequate protection for the defendant's interest.

## FACTS

The defendant is the holder of a note secured by a first mortgage on real estate

owned by the plaintiff. In November 1981 the plaintiff defaulted in its payments on the note.

On August 24, 1982, the defendant commenced a foreclosure action in state court by filing a *lis pendens;* the foreclosure action was referred to the Charleston County Master-in-Equity to take testimony, make findings of fact and conclusions of law, and enter a final judgment pursuant to S.C. Code § 15–31–10 (1976).

On February 10, 1983, the Master-in-Equity signed a Master's Report in Judgment of Foreclosure and Sale ordering that the defendant (the plaintiff in the state court foreclosure action) have judgment of foreclosure and that the mortgaged real estate be sold at public auction.

On March 18, 1983, the plaintiff filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 *et seq.*).

On March 21, 1983, the real estate was sold at public auction pursuant to the state court foreclosure order.

## ISSUES

The issues in this case are: (1) whether the real estate involved is property of the bankruptcy estate; (2) whether there is adequate protection of the defendant's interest in the real estate; and (3) whether to grant the plaintiff's request to set aside and cancel the defendant's foreclosure deed.

## DISCUSSION AND CONCLUSION

### I

■ Because, at the time of the filing of the debtor's petition for relief, the state court foreclosure action had only proceeded to the point of the entry of the judgment of foreclosure, the real estate involved was still "property of the estate" as defined in 11 U.S.C. § 541(a). *United States v. Whiting Pools, Inc. (In re Whiting Pools, Inc.),* —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Because the real estate is "property of the estate," acts against it are stayed pursuant to 11 U.S.C. § 362(a)(1)–(4). Acts taken in violation of the automatic stay are null and void. *Borg-Warner Acceptance Corp. v. Hall (In re Hall),* 685 F.2d 1306 (11th Cir.1982). Because the foreclosure sale was held three days after the debtor filed its petition for relief under Chapter 11, that sale is null and void.

### II

■ After hearing the testimony presented by both sides, the court fixed the value of the real estate involved at $850,-000. Because the value of the real estate was fixed by this court at $850,000 and judgment was entered in the state court against the plaintiff-debtor in the amount of $734,370.22 plus $15,000 attorney's fees, with interest accruing on that judgment at the rate of approximately $9,551 per month, and because there is a second mortgage in the amount of approximately $100,000, this court is of the opinion that there is no "adequate protection" of the defendant's interest;[1] therefore, the automatic stay should be lifted for cause pursuant to 11 U.S.C. § 362(d)(1) so as to allow the defendant to proceed with the sale of the real estate as authorized by the state court judgment of foreclosure.

### III

For the reasons stated above, the plaintiff's request to set aside and cancel the defendant's foreclosure deed is granted. *Borg-Warner Acceptance Corp. v. Hall (In re Hall), supra.*

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that: the plaintiff's request to cancel the defendant's foreclosure deed is granted; and the defendant's request for relief from the stay is granted so as to allow the defendant to proceed with the sale of the real estate.

---

1. The plaintiff has offered no other form of adequate protection for the defendant's interest.