In re Georgia B. WALKER, Debtor.

Georgia B. WALKER, Plaintiff,

v.

CALIFORNIA MORTGAGE SERVICE, et al., Defendants.

and Related Cross-Complaints.

Bankruptcy No. LAX 85–51691–SB.
Adv. No. LAX 86–1246–SB.

United States Bankruptcy Court,
C.D. California.

Dec. 5, 1986.

Leon Bayer of Slate & Leoni, Los Angeles, Cal., for Georgia B. Walker.

Mark K. Worcester and J. Scott Williams of Alvarado, Rus & McClellan, Orange, Cal., for California Mortg. Service.

William E. Gummerman, Huntington Beach, for Guardian Trust Deed Services.

Leon L. Vickman, Encino, Cal., for Frank Dorman.

## I. INTRODUCTION

SAMUEL L. BUFFORD, Bankruptcy Judge.

The debtor Georgia B. Walker ("Walker") brings this adversary proceeding to set aside a foreclosure sale of real property, conducted in violation of the automatic stay, on the grounds that the purchaser failed to record his trustee's deed until after the debtor had recorded a notice of the bankruptcy filing. The Court holds that, under the California race-notice recording statute, the transfer of the property to the third party purchaser may be avoided by the debtor, because the debtor recorded her notice of the bankruptcy before the purchaser recorded his trustee's deed.

## II. FACTS

In 1976 Walker gave a promissory note to California Mortgage Service ("California Mortgage") as security for a loan on her real property in Inglewood, California. Debtor also gave California Mortgage a deed of trust on the property, which named California Mortgage as beneficiary and as trustee, and which included a provision granting a power of sale to California

Mortgage upon default. On November 30, 1984, Guardian Trust Deed Service ("Guardian"), the servicing agent for California Mortgage, recorded a notice of default and election to sell[1] in the Los Angeles County recorder's office in consequence of default in payment on the note by Walker. After the passage of the three-month statutory period under California Civil Code § 2924 (West 1974 & Supp.1986), Guardian published (and presumably recorded) a notice of trustee's sale, which set the foreclosure sale on April 5, 1985.

On April 2, 1985, three days prior to the trustee's sale, the debtor filed this Chapter 13 bankruptcy case. She notified Guardian of the bankruptcy case filing, and Guardian postponed the trustee's sale. The sale was ultimately postponed nine times before it was actually conducted.[2]

The Court confirmed the debtor's Chapter 13 plan on June 17, 1985. The plan provided that the prepetition arrearages of $4,000 owing to California Mortgage would be paid over a period of 36 months.

After confirmation of the plan, Walker fell behind in her monthly mortgage payments. In consequence, California Mortgage brought a motion for relief from the automatic stay.[3] At the hearing on December 4, 1985 the debtor brought the post-petition payments current, and the parties stipulated to an order for adequate protection, which was entered on December 26, 1985. Upon further default, the order required a further motion for relief from stay, which could be brought on shortened notice pursuant to this Court's "ex parte" procedures,[4] before a foreclosure sale could

---

1. The California procedure for exercising a power of sale in a deed of trust is set forth in California Civil Code §§ 2924–2924h (West 1974 & Supp.1986). The holder of the deed of trust must first record a notice of default in the county recorder's office, and give notice to the owner and other lienholders. The owner and junior lienholders have a right to cure by paying the amount in default up to five days before the date of sale. If the default is uncured after three months, the holder of the deed of trust may post and publish a notice of sale at least twenty days before the sale date. The notice of sale must be recorded at least fourteen days before the sale.

2. California Civil Code § 2924g(c) (West 1974 & Supp.1986) authorizes up to three postponements of a sale under a deed of trust on instruction of the beneficiary, and one additional postponement upon written request of the trustor (to obtain cash to pay the encumbrance or to bid at the sale). The only notice of any such postponement is an announcement at the time and place previously set for the sale. Any additional postponement requires a new notice of sale as prescribed by section 2924f (West 1974 & Supp.1986).

Section 2924g(c)(2) provides that any postponement by operation of law or by order of court is not counted in the maximum number of postponements. The automatic stay of Bankruptcy Code § 362(a) thus frequently results in many postponements, which may cover a period of years: Cases have come before the Court involving more than thirty postponements over a period of several years. If no additional notice of sale is required, the public sale contemplated by California Civil Code §§ 2924–2924h is converted into a private sale, where the mort-

gagee is normally the only bidder. Even the property owner normally does not know the date on which a final sale is set.

The propriety and constitutionality of this procedure appears dubious. Apparently the California legislature has left it to the bankruptcy courts to impose republication requirements in appropriate circumstances.

3. As to post-confirmation mortgage payments, the automatic stay normally terminates upon confirmation of a Chapter 13 plan. *In re Dickey*, 64 B.R. 3, 4 (Bankr.E.D.Va.1985); *In re Mason*, 51 B.R. 548, 550 (D.Ore.1984). This results from the vesting of all property of the estate in the debtor upon confirmation, pursuant to Bankruptcy Code § 1327(b), 11 U.S.C. § 1327(b) (1979). However, paragraph X of Walker's plan provides: "Property of the estate shall revest in the Debtor at such time as a discharge is granted or the case is dismissed." Thus the automatic stay remained in effect as to post-confirmation defaults in current payments to California Mortgage, and California Mortgage was required to obtain relief from stay before it was authorized to proceed with foreclosure. *Ellis v. Parr (In re Ellis)*, 60 B.R. 432 (Bankr. 9th Cir.1985).

4. Where a debtor defaults under a prior adequate protection order that has been granted in a Chapter 13 case, the Court authorizes a creditor to bring a motion for relief from stay on its Wednesday afternoon calendar. The motion must be scheduled no later than 3:00 p.m. the prior Thursday, after which telephonic notice must be given immediately to the debtor (if possible) and his counsel of record (if any). Moving papers must be served and filed no later

be conducted. California Mortgage has not sought any such further relief from stay.

Notwithstanding the continuation of the automatic stay, Guardian conducted a foreclosure sale on behalf of California Mortgage on February 28, 1986.[5] Defendant Frank Dorman ("Dorman") purchased the property for $70,350 at the sale, but he failed to record the trustee's deed until March 24, 1986 (according to the admission of his counsel at oral argument). Although the parties dispute whether Dorman was a good faith purchaser, the Court assumes for the purpose of its ruling herein that the purchase was made in good faith.

Walker recorded a notice of the filing of the Chapter 13 case in the Los Angeles County recorder's office on March 13, 1986. Dorman recorded his trustee's deed eleven days thereafter. Walker continues in possession of the property, and has transmitted her monthly payments to her attorney, who holds them in his trust account pending this Court's ruling herein.

Walker filed this adversary proceeding against California Mortgage, Guardian and Dorman, seeking restoration of title and compensatory and punitive damages for violation of the automatic stay. California Mortgage has cross-claimed against Dorman to rescind the sale. Various other cross-claims have also been filed.

Both Walker and Dorman have brought motions for summary judgment, and have submitted declarations and deposition testimony in support thereof. Dorman's summary judgment motions are brought against both Walker and California Mortgage.

## III. DISCUSSION

Section 549(a) of the Bankruptcy Code, 11 U.S.C. § 549(a) (Supp.1986), authorizes the avoidance of certain post-petition property transfers:

Except as provided in subsection (b) or (c) of this section, the trustee, may avoid a transfer of property of the estate—

(1) made after the commencement of the case; and

(2) ... (B) that is not authorized under this title or by the court.

Dorman contends that the transfer to him is not avoidable because he qualifies under section 549(c), 11 U.S.C. § 549(c) (1979 & Supp.1986), which provides in relevant part:

The trustee may not avoid ... a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition is filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser.

The recording requirement of section 549(c) was amended by Congress in 1984 in the Bankruptcy Amendments and Federal Judgeship Act ("BAFJA"). Prior to 1984, recording was required only in a county different from the county in which the bankruptcy case was filed. The purpose of this amendment was to permit a bona fide purchaser to obtain good title at a foreclosure sale, even if the sale is conducted in violation of an automatic stay, unless the filing of a bankruptcy case appears in the chain of title of the property. Thus, under section 549(c) as amended, a bona fide purchaser without knowledge of the filing of a bankruptcy case may rely upon the title records.

Under section 549(c), a debtor can cut off the rights of a third party purchaser of property sold in violation of the automatic stay if, at the time that he records his

than noon on the Monday preceding the hearing.

**5.** California Mortgage also failed to republish its notice of sale before conducting its foreclosure sale, even though republication is required be-

fore a sale pursuant to a deed of trust may take place (unless the Court orders otherwise). *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 436 (Bankr. 9th Cir.1985).

notice of the filing of the bankruptcy, he could have conveyed the property to a good faith purchaser who could have obtained superior title to the actual purchaser at the foreclosure sale.

The California recording statute governs whether Dorman sufficiently perfected his interest in the property to prevent a good faith purchaser from acquiring a superior interest as of March 13, 1986, when Walker recorded her notice of the bankruptcy petition. The California recording statute is a "race-notice" type of recording statute. It provides:

> Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded
> . . . .

California Civil Code § 1214 (West 1982).

There are three [6] principal types of recording acts in the United States.[7] *See, generally,* J. Cribbett, *Principles of the Law of Property* 285 (1975); L. Simes, *A Handbook for more Efficient Conveyancing* 18–31 (1961); 4 *American Law of Property* §§ 7.4–17.36 (Casner ed. 1952); R. Patton & C. Patton, *Patton on Land Titles* 28–45 (2d ed. 1957) ("Patton").

Under a "race" statute the grantee who first records his deed prevails over all other conveyances from the same source of title.[8] The first party to record is protected even though he has notice of a prior unrecorded conveyance. Patton, *supra,* at 33.

A second type of recording act is a "notice" statute, which protects a later purchaser only if he paid value at a time when he was without notice of a prior unrecorded conveyance.[9] Patton, *supra,* at 39. The subsequent purchaser need not record first to protect his interest. *Id.*

A "race-notice" statute, such as that in California, combines elements of both "race" and the "notice" recording statutes. As under a "notice" statute, a subsequent purchaser receives protection only if he is a bona fide purchaser without notice of the prior conveyance at the time of his conveyance. As under a "race" statute, he must record first to protect his interest. Patton, *supra,* at 43–44. Thus under the California statute a subsequent purchaser is entitled to priority if (1) he is without notice at the time that the conveyance is made and the consideration paid, and (2) he records first.

The recordation of a copy of or a notice of a bankruptcy petition under section 549(c) has the same effect as the rec-

---

**6.** A fourth type of recording statute, a "grace period" statute, was formerly in force in several states. It permitted the recordation of a real estate conveyance to relate back to the date of the conveyance, if it was recorded within a short statutory period of time after the conveyance. However, as to real property, all such statutes have disappeared. The concept is still alive in the Uniform Commercial Code, which provides a grace period for the filing of a financial statement (the equivalent of the recordation of a conveyance) for certain transactions. *See,* UCC § 9–301(2), 9–304 and 9–306 (1972).

**7.** No up-to-date list of the kinds of recording acts in the various states has been discovered. The classification of the various states as of 1952 is set forth in 4 *American Law of Property* 545 n. 63 (1952).

**8.** Apparently the only state with a "race" statute for the equity ownership of real property is North Carolina. Its recording statute provides:

No (i) conveyance of land, or (ii) contract to convey, or (iii) option to convey, or (iv) lease of land for more than three years shall be valid to pass any property interest as against lien creditors or purchasers for a valuable consideration from the donor, bargainor or lessor but from the time of registration thereof in the county where the land lies.... N.C.Gen.Stat. § 47–18(a) (1984). Several other states have "race" statutes for the recordation of mortgages.

**9.** A typical "notice" statute is the recording statute in Massachusetts, which provides:

A conveyance of an estate in fee simple, fee tail or for life, or a lease for a term of seven years, or an assignment of rents or profits from an estate or lease, shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it ... is recorded in the registry of deeds for the county or district in which the land to which it relates lies. Mass.Gen.Laws Ann. c. 183, § 4 (1977).

ordation of a subsequent conveyance by the debtor on the same date to a bona fide purchaser without notice of the bankruptcy case. Under a "race-notice" recording statute a recorded subsequent conveyance would take priority. Thus under the California recording statute the recordation of a notice of bankruptcy cuts off the rights of a purchaser with a prior unrecorded deed.

In this case Walker recorded the notice of her bankruptcy case in time to cut off Dorman's rights. While Dorman had purchased the property at the foreclosure sale and had given value prior to the recordation of the notice of bankruptcy, he failed to record his trustee's deed promptly. In the intervening period of time, Walker recorded her notice. On the date that she recorded her notice, she could have sold the property to a bona fide purchaser, who could have recorded a deed that would have taken priority over Dorman's unrecorded deed. In consequence, Walker is entitled to set aside the conveyance to Dorman.

Dorman argues that Walker could not convey the property to a good faith purchaser on March 13, 1986, because the recordation by California Mortgage of its notice of default would put such a purchaser on notice of the pending foreclosure. Dorman further argues that reasonable inquiry by such a purchaser would have led to the discovery of the foreclosure sale.

■ The Court does not find this argument persuasive. The Court holds that a prospective purchaser has no duty to inquire about a California notice of default or notice of sale that is more than six months old. Under California law, a foreclosure sale normally takes place from four to six months after a notice of default is recorded, and within a month after a notice of sale is recorded. Defaults often are cured after the recordation of a notice of default

or a notice of sale. Although California Civil Code § 2924c(a)(2) (West 1974 & Supp. 1986) authorizes upon demand the recordation of a notice of rescission of a notice of default after cure, such notices of rescission often are not recorded. If six months has elapsed since the recordation of a notice of default or a notice of sale, a prospective purchaser is entitled to assume that the default has been cured.

In this case the notice of default was recorded more than sixteen months prior to the date of the foreclosure sale. Any purchaser was entitled to assume that the default had been cured. In consequence, the notice of default that appeared in the title records would not put a prospective purchaser on inquiry notice sufficient to prevent him from being a good faith purchaser.

In setting aside the conveyance to Dorman, Walker is not entitled to be put in a better position than she would have had if the foreclosure sale had not taken place in violation of the automatic stay. In consequence, the title that this Court orders restored to Walker is subject to the deed of trust in favor of California Mortgage, and to all junior encumbrances of record at the time of the foreclosure sale. Walker is required to bring the post-petition payments current by the transmission to California Mortgage of the payments held in trust by her attorney. Because Walker remains in possession of the property, no remedy is needed in this regard.

Dorman has also brought a summary judgment motion against California Mortgage on its cross-claim against him. Because of the Court's ruling in favor of Walker on the principal complaint, summary judgment is granted against Dorman on the cross-complaint:[10] The sale to Dorman is null and void.

---

**10.** If it appears to the Court, under the evidence brought before the Court on a summary judgment motion, that partial summary judgment should be granted *against* the moving party and that there is no genuine issue as to any material fact relating thereto, the Court has the power to enter such judgment. *Scoggins v. Boeing Co.,*

742 F.2d 1225, 1227 n. 1 (9th Cir.1984); *Golden State Transit v. Los Angeles,* 726 F.2d 1430, 1431 n. 1 (9th Cir.1984), *cert. denied,* 471 U.S. 1003, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 311 (9th Cir.1982); 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2720, at 27–35 (2d ed.

However, Dorman is equally entitled to the benefits of the rescission of the foreclosure sale. He is entitled to the return by California Mortgage of the $70,350 that he paid at the foreclosure, plus interest at the legal rate.

There are further issues that are not ripe for summary judgment. Walker's complaint includes a claim for compensatory damages (chiefly her attorneys fees) and punitive damages. Dorman has not yet filed his answer to the California Mortgage cross-complaint: he may be entitled to further damages if he files a counter-claim. The remaining cross-claims are also not ripe for summary judgment.

### IV. CONCLUSION

The Court concludes that the foreclosure sale of Walker's property, conducted by California Mortgage, must be set aside, and that title to the property must be restored to Walker, subject to the trust deed of California Mortgage and the other encumbrances of record as of the date of the foreclosure sale. In addition, the Court grants summary judgment against Walker on California Mortgage's cross-complaint to rescind the foreclosure sale, and holds that Dorman is entitled to the repayment from California Mortgage of the $70,350 that he paid for the purchase of the property plus interest at the legal rate. The remaining issues are subject to further proceedings before the Court.

The foregoing constitutes the Court's findings of fact and conclusions of law.

---

1983). The party against whom such summary judgment is to be rendered must be given a full and fair opportunity to explore the issues involved in the motion. *Heinz v. Commissioner of Internal Revenue,* 770 F.2d 874, 876 (9th Cir. 1985); *Cool Fuel, supra,* 685 F.2d at 312. In this case California Mortgage has had a full and fair opportunity to explore the issues involved in this partial summary judgment, including Dorman's right to recover the $70,350 that he paid for the property if the Court should award the property to plaintiff.