In re Cynthia WARD, Debtor.

Appeal of Bowest Corporation.

No. 86–3656.
Bankruptcy No. 86–01166.

United States District Court,
D. New Jersey.

June 5, 1987.

David Paul Daniels, Camden, N.J., for debtor.

William M.E. Powers, III, Medford, N.J., for appellant.

## APPEAL FROM BANKRUPTCY COURT DECISION

BROTMAN, District Judge:

Mortgagee-appellant Bowest Corporation appeals a final judgment of the United States Bankruptcy Court for the District of New Jersey. The Bankruptcy Court (1) denied the motion to confirm the sheriff sale of January 24, 1986, of debtor-appellee's premises; (2) denied the motion to vacate the automatic stay in effect in the petition of appellee, Cynthia Ward; and (3) granted the cross-motion by the debtor to set aside the sheriff sale.

This court affirms the holding of the Bankruptcy Court as to the appeal on each issue.

## FACTS and PROCEDURE

Cynthia Ward, debtor-appellee, along with her spouse, Charles Ward, own certain real estate property, 1250 Thurman Street, located in Camden, New Jersey as tenants by the entirety. Appellant, Bowest Corporation, has a first mortgage on the aforesaid premises, (recorded in the Register of Camden County on September 29, 1976, in Book 2294 of Mortgages at page 198 SC), in the face amount of $25,200 carrying interest at the rate of 8.5 percent per annum.

On October 9, 1985, the Superior Court of New Jersey, Chancery Division, Camden County, declared the mortgage foreclosed. (Docket # F–2561–84). The final judgment in the foreclosure action showed the amount due appellant as being $17,394.01 due to July 15, 1985. The Superior Court directed the Sheriff of Camden County to make sale according to the law of the mortgaged premises. A sheriff sale was scheduled for January 24, 1986.

Chalres Ward, spouse of the appellee, filed an individual petition for relief pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, et seq. on January 9, 1986. On January 24, 1986, notice and order for relief in the Charles Ward matter issued from the office of the Clerk. John Hargrave, Esquire, was appointed the interim trustee in the matter.

Having no notice of the petition filed in bankruptcy, the Sheriff of Camden County held the sale as scheduled, on January 24, 1986. The Ward property was bid in for $100 in the name of appellant-mortgagee,

Bowest Corporation, and assigned to the Secretary of Housing and Urban Development the same day.

On February 28, 1986, Mr. Hargrave filed an Information for Notice of Abandonment concerning the Camden real estate in which Mr. Ward had an interest. The Notice of the Proposed Abandonment, dated March 6, 1986, was effective if no objections were filed by March 26, 1986. No objections to the abandonment were filed.

On March 3, 1986, Cynthia Ward, appellee in this action, filed her own voluntary individual petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, *et seq.*

Bowest seeks the confirmation of the sheriff's sale of the subject property. On March 21, 1986, in the case of Cynthia Ward, an objection to the motion for relief from the automatic stay and a cross-motion to set aside the sheriff sale was filed. Appellee-debtor asserted that the Sheriff of Camden County violated the automatic stay provisions of 11 U.S.C. § 362 by selling the subject property on January 24, 1986, since Mr. Ward had commenced the bankruptcy proceeding on January 9, of the same year.

On June 25, 1986, the Bankruptcy Court denied the motion of Bowest Corporation to confirm its purchase of the appellee-debtor's property at the sheriff sale, and granted debtor's motion to set aside the sale. In addition, the Bankruptcy Court denied the mortgagee's motion to vacate the automatic stay as it pertained to Charles Ward in that such motion was made in an attempt to confirm the sale. The Bankruptcy Court also found that no stay should be granted in the petition of Ms. Ward.

Appellant appeals this order.

## STANDARD OF REVIEW

On appeal from a decision from the Bankruptcy Court, "findings of fact shall not be set aside by the District Court unless clearly erroneous." *In re Butler*, 425 F.2d 47, 50 (3d Cir.1970), Fed.R.Civ.P. 52(a).

The proper standard of review for issues of law is *de novo. Universal Minerals*

*Inc. v. C.A. Hughes & Co.*, 669 F.2d 98 (3d Cir.1981).

## DISCUSSION

### A. The Sale

#### 1. The Estate of Charles Ward

■ Title 11 U.S.C. § 541(a) creates an estate at the commencement of a bankruptcy case. That estate includes all legal and equitable interests of the debtor in property which are in existence when the case is commenced. Pursuant to § 541(a)(2), the estate also includes

All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is (A) under the sole, equal or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

It is uncontested that the real estate at issue was subject to the joint control of appellee, Cynthia Ward, and her spouse, Charles Ward. Therefore, even though appellee was not a debtor in the bankruptcy case of Charles Ward, all of Charles Ward's community property, including the premises held by both spouses as tenants by the entirety, became property of the estate upon the filing of Charles Ward's petition. *In re Merlino*, 62 B.R. 836, 839 (Bkrtcy.W.D.Wash.1986).

Once an estate in bankruptcy is created, all property of the estate is turned over to the trustee. § 542(a). The petition filed operates as a stay, applicable to all entities, of

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title....

11 U.S.C. § 362(a)(1) & (2).

In the case at bar, the petition in bankruptcy was filed by Charles Ward on January 9, 1986. At that moment, the property located at 1250 Thurman Street, Camden, New Jersey, became part of his estate. The automatic stay came into effect. 11 U.S.C. § 362. The sheriff sale of January 24, 1986, was held in violation of the stay and is therefore void and without effect. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). *In re Presidential Row, Inc.*, 37 B.R. 1 (Bkrtcy.D.S.C. 1983).

## 2. Applicability of § 549(c)

Appellant's argument to the contrary is without merit. Appellant argues that under § 549(c) the sale is not voidable. Appellant argues that since Charles Ward failed to file notice of his bankruptcy petition before the sheriff sale was held, appellant was a good faith purchaser without knowledge of the commencement of the case and for fair equivalent value according to § 549(c).

■ The general rule as to post-petition transfers occurring while the automatic stay is in effect is that such transfers are voidable by the trustee. *In re Russell*, 8 B.R. 342 (Bkrtcy.W.D.Pa.1980). An exception to the rule is stated in § 549(c):

(c) The trustee may not avoid.... a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than

present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

■ Appellant's argument fails for two reasons. In order for § 549(c) to apply to such a good faith purchaser, the purchaser's title must have been so far perfected under state law as to defeat a subsequent bona fide purchaser. Such perfection must have occurred before a copy of the debtor's petition for relief was filed in the office where real property conveyances are recorded. *In re Graham*, 35 B.R. 15, 18 (Bkrtcy.D.S.C.1983). A trustee may not avoid a transfer to a purchaser at a judicial sale, or to a good faith purchaser for value without knowledge of the bankruptcy petition, unless the petition is properly filed before the purchaser's title is perfected under state law. *In re Rouse*, 48 B.R. 236 (Bkrtcy.E.D.Pa.1985).

■ Under the applicable law of New Jersey, N.J.Stat.Ann. § 46:21–1, a deed to real estate is void and of no effect against subsequent purchasers until duly recorded in the county in which the property is situated. Appellant never recorded the deed to the debtor's property. Therefore, perfection of the transfer did not occur, and § 549(c) is not applicable in this matter.

## 3. Abandonment of Interest in Estate

■ Appellant argues further that Mr. Ward's trustee abandoned his interest in the debtor's property, and therefore ratified the legality of the sheriff sale. Assuming the abandonment was effective, such an action did not automatically operate to ratify the sale. The automatic stay in the petition of Charles Ward under § 362 was still in effect. Any action taken by a creditor against the estate must be approved by the Bankruptcy Court. *See In re Motley*, 10 B.R. 141 (Bkrtcy.M.D.Ga. 1981). The property of the debtor is relieved from the automatic stay only by § 362(c)(2), which provides:

(2) the stay of any other act under subsection (a) of this section continues until the earliest of

(a) the time the case is closed;

(b) the time the case is dismissed; and

(c) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

Under § 362, the court is empowered to grant relief from the stay on request of a party in interest and after notice and a hearing, for several enumerated reasons. It is clear from the statute that the sole party empowered to grant relief from the stay is the court.

■ The trustee in this case may have abandoned the property, but it does not follow that a creditor with an interest in the property may proceed in any act against the property without being relieved by the court from the automatic stay. *In re Motley*, 10 B.R. 141; *see also In re Hahn*, 60 B.R. 69, 14 B.C.D. 446, 450 (Bkrtcy.D.Minn.1986). The property in question, upon an effective abandonment, would revert to Charles Ward. Appellant had the opportunity to obtain relief from the stay at that time upon proper motion to the court. Upon the filing of Cynthia Ward's petition in bankruptcy, the property became part of her estate. In summary, the sheriff sale of January 24, 1986, was held in violation of the automatic stay. The Bankruptcy Court's denial of the motion to confirm the sale is affirmed.

### B. Application to Vacate the Stay

■ Appellant claims that the Bankruptcy Court's denial of its motion to vacate the automatic stay in the petition of Cynthia Ward was clearly erroneous because of the debtor's lack of equity in the property.

Pursuant to § 362(d), a bankruptcy court shall grant relief from the stay, such as by terminating, annulling, modifying, or conditioning such stay, upon request of a party in interest and after notice and hearing on two grounds:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

In denying appellant's motion, the Bankruptcy Court found that appellant failed to sustain its burden of proof as to the lack of equity in the subject property under § 362(g). In fact, appellant offered no affirmative proof of the actual fair equivalent value of the premises. The sole evidence presented by appellant was a tax collector's assessment and an appraisal report. This evidence was found insufficient to sustain the claim. This court will not disturb the Bankruptcy Court's determination. The court finds that the denial of the motion to vacate the stay by the Bankruptcy Court was not clearly erroneous.

In conclusion, the decision of the Bankruptcy Court is affirmed. An appropriate order will be entered.