In re Georgia B. WALKER, Debtor.

Georgia B. WALKER,
Plaintiff–Appellee,

v.

CALIFORNIA MORTGAGE SERVICE,
et al., Defendant,

and

Frank Dorman, Defendant–Appellant,

Guardian Trust Deed Services,
Defendant–Appellee.

No. 87–6696.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1988.

Decided Nov. 21, 1988.

Michael R. Sment, Rich & Ezer, Los Angeles, Cal., for defendant-appellant.

Mark K. Worcester, Alvarado, Rus & McClellan, Orange, Cal., Leon D. Bayer, Peter J. Leotta, Slate & Leoni, Los Angeles, Cal., for plaintiff-appellee.

William E. Gummerman, Huntington Beach, Cal., for defendant-appellee.

Before HALL and LEAVY, Circuit Judges, and PRO, District Judge.[*]

PRO, District Judge:

## I

This appeal arises from the adversary proceeding brought by Debtor Georgia B. Walker to set aside a foreclosure sale of real property conducted in violation of an automatic stay, on the grounds that the purchaser, Frank Dorman, failed to record his trustee's deed until after Walker had recorded a notice of bankruptcy.

The bankruptcy court granted partial summary judgment, holding that, under California's race-notice recording statute,[1] the transfer of the property to Dorman may be avoided by Walker because Walker recorded her notice of bankruptcy petition before Dorman recorded his trustee's deed. *In re Walker,* 67 B.R. 811 (Bkrtcy.C.D.Cal. 1986). Dorman appeals the district court's order affirming the bankruptcy court.

The facts pertinent to this appeal are effectively summarized in the Opinion of the bankruptcy court as follows:

[*] Hon. Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

1. California's recording statute provides in pertinent part:

Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded....

California Civil Code § 1214 (West 1982).

In 1976 Walker gave a promissory note to California Mortgage Service ("California Mortgage") as security for a loan on her real property in Inglewood, California. Debtor also gave California Mortgage a deed of trust on the property, which named California Mortgage as beneficiary and as trustee, and which included a provision granting a power of sale to California Mortgage upon default. On November 30, 1984, Guardian Trust Deed Service ("Guardian"), the servicing agent for California Mortgage, recorded a notice of default and election to sell in the Los Angeles County recorder's office in consequence of default in payment on the note by Walker. After the passage of the three-month statutory period under California Civil Code § 2924 (West 1974 & Supp.1986), Guardian published (and presumably recorded) a notice of trustee's sale, which set the foreclosure sale on April 5, 1985.

On April 2, 1985, three days prior to the trustee's sale, the debtor filed this Chapter 13 bankruptcy case. She notified Guardian of the bankruptcy case filing, and Guardian postponed the trustee's sale. The sale was ultimately postponed nine times before it was actually conducted.

The Court confirmed the debtor's Chapter 13 plan on June 17, 1985. The plan provided that the prepetition arrearages of $4,000 owing to California Mortgage would be paid over a period of 36 months.

After confirmation of the plan, Walker fell behind in her monthly mortgage payments. In consequence, California Mortgage brought a motion for relief from the automatic stay. At the hearing on December 4, 1985 the debtor brought the post-petition payments current, and the parties stipulated to an order for adequate protection, which was entered on December 16, 1985. Upon further default, the order required a further motion for relief from stay, which could be brought on shortened notice pursuant to this Court's "ex parte" procedures, before a foreclosure sale could be conducted. California Mortgage has not sought any such further relief from stay.

Notwithstanding the continuation of the automatic stay, Guardian conducted a foreclosure sale on behalf of California Mortgage on February 18, 1986. Defendant Frank Dorman ("Dorman") purchased the property for $70,350 at the sale, but he failed to record the trustee's deed until March 24, 1986 (according to the admission of his counsel at oral argument). Although the parties dispute whether Dorman was a good faith purchaser, the Court assumes for the purpose of its ruling herein that the purchase was made in good faith.

Walker recorded a notice of the filing of the Chapter 13 case in the Los Angeles County recorder's office on March 13, 1986. Dorman recorded his trustee's deed eleven days thereafter.

*In re Walker,* 67 B.R. at 811–13 (footnotes omitted).

We review *de novo* the district court's order of partial summary judgment in favor of Walker and affirm. *S.E.C. v. Belmont Reid & Co.,* 794 F.2d 1388, 1390 (9th Cir.1986).

## II

Section 549(a) of the Bankruptcy Code, 11 U.S.C. § 549(a) (Supp.1986), authorizes the avoidance of certain post-petition property transfers. Dorman contends that the transfer to him is not avoidable pursuant to section 549(a) because he qualifies under the exception provided in 11 U.S.C. § 549(c).[2] Section 549(c) provides an exception for good faith purchasers who are ignorant of the bankruptcy, pay fair market value for the property and perfect their title under applicable law so as to defeat a

---

**2.** Title 11, United States Code, § 549(c) provides, in pertinent part, as follows:

The trustee may not avoid ... a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to

subsequent bona fide purchaser before a notice or copy is filed with the appropriate authority. *In re Ward*, 837 F.2d 124, 126 (3rd Cir.1988).

Although section 549(c) speaks in terms of "perfection" of the "transfer" of property rather than "recording" a deed in order to prevail over the asserted title of a subsequent bona fide purchaser, the district court and bankruptcy court correctly rejected Dorman's argument that consummation of the foreclosure sale of February 28, 1986, "perfected the transfer" of the property prior to the recording of Walker's notice of bankruptcy petition on March 13, 1986.

Under California's race-notice recording statute a subsequent purchaser of property is entitled to priority if the purchaser is (1) without notice at the time the conveyance is made and the consideration paid, and (2) records first. On the date Walker recorded her notice of bankruptcy petition she could have sold the property to a bona fide purchaser who could have recorded a deed that would have taken priority over Dorman's unrecorded deed. *See In re Ward*, 837 F.2d at 126–27. *See also Beach v. Faust*, 2 Cal.2d 290, 40 P.2d 822 (1935), and *Byrne v. Baker*, 221 Cal.App.2d 1, 34 Cal.Rptr. 178, 181 (1963).

We also reject Dorman's argument that a subsequent hypothetical purchaser could not qualify as a bona fide purchaser from Walker because of the notice of default recorded in the chain of title on November 30, 1984, sixteen months prior to Walker's recording of the notice of bankruptcy petition. Confronted with a similar issue, the Third Circuit Court of Appeals in *In re Ward* stated:

> We are guided in its resolution by the fact that subsection 549(a) states a general rule favoring the trustee's power of avoidance, to which subsections (b) and (c) "create ... very narrow exceptions." 4 L. King, *Collier on Bankruptcy* ¶ 549.02, at 549–6 (15th ed. 1987). It follows that as an exception, subsection (c) must be strictly construed.

be perfected, could not acquire an interest that is superior to the interest of such good

We do not read this section to require the bankruptcy court to make an ad hoc determination of the respective rights of the purchaser seeking to invoke the subsection (c) exception and other potential purchasers subsequent to it in light of peculiar circumstances present in each case. Instead, we believe that subsection (c) requires only an inquiry into whether the purchaser has taken the steps necessary under state law to perfect its claim against any hypothetical subsequent bona fide purchaser, who, by definition, would be one without notice of Bowest's claim. This inquiry, which is an objective one, permits prompt determination of the trustee's power of avoidance, which we believe accords with the statutory purpose of section 549. Bowest failed to record its deed and, therefore, has not met the requirements of perfection under section 549(c).

*In re Ward*, 837 F.2d at 127.

We adopt the reasoning set forth in *In re Ward*, 837 F.2d 127. Therefore the judgment of the district court upholding the bankruptcy court's entry of partial summary judgment on behalf of Walker is AFFIRMED.