In re: James Knittle HESSER and Doris Marie Hesser, Debtors.

William N. WEBB, Trustee, Plaintiff/Appellee,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, a New York corporation, Defendant/Appellant.

No. 91–6342.

United States Court of Appeals, Tenth Circuit.

Jan. 19, 1993.

Anthony L. Jackson, of Brockett, Jackson & Spaeth, Oklahoma City, OK, for plaintiff/appellee.

James A. Pardo, of King & Spalding, Atlanta, GA (John J. Love and James H. Bellingham, of McClelland, Collins, Bailey, Bailey & Bellingham, Oklahoma City, OK, with him on the brief), for defendant/appellant.

Douglas G. Eason, of Fuller, Tubb & Pomeroy, Oklahoma City, OK, for amicus curiae Oklahoma Credit Union League.

Thomas G. Marsh, of Marsh, Sutton & Shacklett, Tulsa, OK, for amicus curiae Oklahoma Auto. Dealers' Ass'n.

Before MOORE and SETH, Circuit Judges, and CAMPOS, District Judge.*

CAMPOS, District Judge.

In this appeal we are required to construe 11 U.S.C. § 547 of the Bankruptcy Code to determine the applicable method and timing of the perfection of a security interest for purposes of preferences in

* The Honorable Santiago E. Campos, United States District Judge for the District of New Mexico, sitting by designation.

bankruptcy. The Bankruptcy Court entered judgment for the Trustee and, on appeal, the District Court affirmed. It held that the ten-day grace period provided in §§ 547(c)(3) and (e)(2) overrides § 547(e)(1) which directs that the date and method of perfection is as provided in state statutes. We disagree and reverse.

## I. STATEMENT OF THE CASE

The relevant facts are undisputed. On April 16, 1990, James and Doris Hesser (the "Debtors") purchased a new 1990 Toyota and received possession the same day. At the same time, they entered into a Retail Installment Sale Contract and Security Agreement with Northcutt Chevrolet–Buick Company ("Northcutt"). On the same day, Northcutt, as required by Oklahoma law, executed a Lien Entry Form and sent it to the motor license agent. Oklahoma law provides that when a Lien Entry Form is presented to the Oklahoma Tax Commission or its agent within fifteen days after execution of the Lien Entry Form, the perfection of the security interest relates back to the date of the execution of the security agreement. Okla.Stat.Ann. 47 § 1110.A.2 (1981 & Supp.1991). Pursuant to the Oklahoma statute, the Lien Entry Form was delivered to the Commission or its agent on May 1, 1990, the fifteenth day after execution of the Lien Entry Form. The security interest in the truck was thus perfected, according to Oklahoma law, as of April 16, 1990, the date of the execution of the security agreement.

Northcutt then assigned the Retail Installment Sale Contract to General Motors Acceptance Corporation ("GMAC"). On May 18, 1990 the Debtors filed for Chapter 7 bankruptcy. Plaintiff/appellee Webb was appointed trustee of the Debtors' estate ("Trustee"). On October 26, 1990, the Trustee sought to set aside the transfer of the security interest to GMAC as a preference pursuant to 11 U.S.C. § 547(b). The parties filed cross-motions for summary judgment.

The Trustee argued that GMAC's security interest in the Debtors' truck can and should be set aside pursuant to 11 U.S.C. § 547(b). The only contested element regarding the avoidance was whether the transfer of the security interest to GMAC was "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). The Trustee maintained that the definition of "when a transfer is made" is contained in 11 U.S.C. § 547(e)(2) which provides, in pertinent part, that a transfer takes effect within ten days of the transfer or perfection of the transfer.[1] He argued that GMAC's security interest was perfected on May 1, 1990, more than ten days after the execution of the security agreement, and that the creation of the debt therefore occurred prior to, and not contemporaneously with, the transfer of the security interest. Thus, the Trustee argued the transfer was "for or on account of an antecedent debt" and the elements necessary for the Trustee to avoid the transfer are satisfied.

GMAC responded that, according to § 547(e)(1)(B), the proper date of perfection was April 16, 1990, as provided by state law. Therefore, the transfer was contemporaneous with the creation of the debt and there was no transfer "for or on account of an antecedent debt." Furthermore, because GMAC's security interest was perfected on April 16, 1990, GMAC claimed protection under § 547(c)(3), which provides, in pertinent part, that a trustee may not avoid a transfer of a security interest in property acquired by the debtor if the security interest secures new value, is given to enable the debtor to acquire the prop-

---

1. 11 U.S.C. § 547(e)(2) provides:

   (e)(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—
   (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

   (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
   (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—
   (i) the commencement of the case; and
   (ii) 10 days after such transfer takes effect between the transferor and the transferee.

erty, and is perfected on or before ten days after the debtor receives possession of such property.[2] Because GMAC's security interest in the truck was perfected on April 16, which is on or before ten days after the debtor received possession of the truck, GMAC argues that the transfer cannot be avoided by the Trustee.

On April 12, 1991, the Bankruptcy Court granted the Trustee's Motion for Summary Judgment and ordered that GMAC's lien be avoided in favor of the Trustee. On appeal to the United States District Court, the District Court affirmed the Bankruptcy Court.

## II. ANALYSIS

This appeal raises a question concerning the interpretation and application of the Bankruptcy Code, which is subject to *de novo* review by this Court. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir. 1990). The sole issue in dispute is the appropriate timing and method of the perfection of a security interest provided for in § 547 of the Bankruptcy Code. We agree with the Eleventh Circuit that the Bankruptcy Code adopts state law to determine the date of perfection under § 547(e)(1)(B). *In Re Busenlehner*, 918 F.2d 928 (11th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2251, 114 L.Ed.2d 492 (1991).

Sections 547(e)(1)(A) and (B) provide for the means of determining the date of perfection of a transfer for purposes of preference actions. Subsection (A) applies to the perfection of a transfer of real prop-

erty other than fixtures. Subsection (B) applies to the perfection of a transfer of a fixture or property other than real property and provides:

> For purposes of this section *a transfer* of a fixture or property other than real property *is perfected* when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee. (emphasis added)

Thus, in order to determine the date of perfection, it is necessary to determine when the perfected security interest can beat a judicial lien in a priority battle. *In Re Busenlehner*, 918 F.2d at 930. This determination is made by reference to state law. *Id.*; *see also E.F. Corp. v. Smith*, 496 F.2d 826, 830 (10th Cir.1974) ("the time of transfer is determined by federal law, but state law determines the perfection of the right").

After the date of perfection is determined, the time of the transfer must be ascertained and must fit within the ten-day grace period provided in § 547(e)(2). This grace period is the period of time in which an unperfected security interest takes precedence over other creditors, including the trustee in bankruptcy.[3] Thus § 547(e) provides for a two-step process: first, determine the date of perfection according to state law pursuant to §§ 547(e)(1)(A) or (B), and second, determine the time of transfer pursuant to § 547(e)(2).

Because under Oklahoma law GMAC's security interest was perfected on April 16, April 16 is also the date that GMAC's security interest was perfected for purposes of § 547 because it is the date on

---

**2.** 11 U.S.C. § 547(c)(3) provides:

(c) The trustee may not avoid under this section a transfer—

(3) of a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

　(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

　(ii) given by or on behalf of the secured party under such agreement;

　(iii) given to enable the debtor to acquire such property; and

　(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 10 days after the debtor receives possession of such property.

**3.** The District Court relied on *In re Hamilton*, 892 F.2d 1230 (5th Cir.1990). However, the issue addressed in *Hamilton* is different than the issue presented in the present case. The issue in *Hamilton* was the conflict between the 20–day grace period in Texas and the ten-day grace period in § 547; the case did not deal with the date of perfection. The debtor in *Hamilton* signed a promissory note on March 2nd, took possession of the car on March 8th and the lien was perfected on March 19th. There was no dispute as to the date of perfection.

which "a creditor on a simple contract cannot acquire a judicial lien that is superior" to the secured creditor, GMAC. 11 U.S.C. § 547(e)(1)(B). Because the date of the perfection coincides with the date on which the security interest was granted, the transfer of the security interest was not "for or on account of an antecedent debt," 11 U.S.C. § 547(b)(2), and also was "perfected on or before 10 days after the debtor receive[d] possession of the property." 11 U.S.C. § 547(c)(3)(B). Therefore, because the Trustee cannot meet all the elements necessary to avoid the transfer pursuant to § 547(b) and furthermore, GMAC can claim protection under § 547(c)(3), the transfer cannot be avoided by the Trustee.

We agree with the *Busenlehner* court that this conclusion is supported by the policies underlying preference law:

> The goal of the drafters of this provision of the 1978 Bankruptcy Reform Act was to bring preference law 'more into conformity with commercial practices and the Uniform Commercial Law.' S.Rep. No. 989, 95th Cong., 2d Sess. 87 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5873. Creditors are encouraged by our legal system to secure their loans. The general message to creditors is that should they follow state commercial law their secured loans will be protected in bankruptcy.... The creditor, moreover, [lends] the money in the expectation the creditor's compliance with state law [is] sufficient to protect the loan. Debtors should not be given the ability to surprise and upset established commercial practices by filing for bankruptcy and avoiding this otherwise acceptable security interest.

*In Re Busenlehner*, 918 F.2d at 931.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the District Court. We remand to the District Court with instructions to remand to the Bankruptcy Court to enter judgment in favor of GMAC.