**In re Mildred A. BARRAGREE, Debtor.**

**Kenneth L. SPEARS, Trustee, Plaintiff,**

v.

**OKLAHOMA HIGHWAY CREDIT UNION, Defendant.**

Bankruptcy No. 93–10027–TS.
Adv No. 93–1163–TS.

United States Bankruptcy Court,
W.D. Oklahoma.

Oct. 1, 1993.

John T. Hardeman, Oklahoma City, OK, for plaintiff.

Delmer W. Porter and Donald W. Garrison, Oklahoma City, OK, for defendant.

## ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

JOHN TESELLE, Bankruptcy Judge.

Trustee commenced this adversary proceeding seeking to avoid an alleged preferential transfer made by Debtor to Oklahoma Highway Credit Union (hereinafter "Credit Union"). This matter is now before the Court on Trustee's Motion for Summary Judgment and Credit Union's response thereto. The Court has reviewed the pleadings and applicable law, and rules as follows.

### Undisputed Facts

Set forth below is a chronology of the pertinent events:

October 24, 1992  Debtor applied for and received from Credit Union an automobile loan for the purchase of a 1991 Nissan Maxima (hereinafter the "Vehicle"). As part and parcel of the same transaction, Debtor executed a security agreement in favor of Credit Union, granting Credit Union a purchase-money security interest in the Vehicle.

November 23, 1992  Credit Union received the title and release of prior lien from the seller of the Vehicle, and prepared a lien entry form with that information.

November 24, 1992  Credit Union filed a lien entry form evidencing its security interest in the Vehicle.

January 5, 1993 Debtor filed her voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

### Applicable Law and Discussion

Pursuant to § 547(b), Trustee may avoid Debtor's transfer to Credit Union if the transfer was:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; . . .; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The parties agree the transfer benefitted Credit Union, that Debtor was insolvent at the time of the transfer, that the transfer was made within 90 days before Debtor filed for bankruptcy, and that the transfer enabled Credit Union to receive more than it otherwise would have through Debtor's chapter 7.

Remaining for the Court to determine is whether subsection (2) has been met. If Credit Union did not perfect its security interest in the Vehicle until November 24, 1992, the creation of the indebtedness and the transfer of the security interest were not contemporaneous and the transfer was thus made on account of an antecedent debt.

Under § 547, perfection of personal property occurs "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." § 547(e)(1)(B). The Tenth Circuit has held that "the Bankruptcy Code adopts state law to determine the date of perfection under § 547(e)(1)(B)." *Webb v. General Motors Acceptance Corp. (In re Hesser)*, 984 F.2d 345, 348 (10th Cir.1993). The applicable Oklahoma law provides that:

[w]henever a person creates a security interest in a vehicle, such person shall surrender to the secured party the certificate of title or the signed application for a new certificate of title, on the form prescribed by the Commission, and the manufacturer's certificate of origin. The secured party shall deliver the lien entry form and the required lien filing fee within fifteen (15) days as provided hereafter with certificate of title or the application for certificate of title and the manufacturer's certificate of origin to the Commission or to a motor license agent. **If the lien entry form, the lien filing fee and the certificate of title or application for certificate of title and the manufacturer's certificate of origin are delivered to the Commission or to a motor license agent within fifteen (15) days after the date of the lien entry form, perfection of the security interest shall begin from the date of the execution of the lien entry form,** but, otherwise, perfection of the security interest shall begin from the date of the delivery to the Commission or to a motor license agent.

Okla.Stat. tit. 47, § 1110(A)(2) (West Supp. 1993) (emphasis added). In this case, Debtor executed the promissory note and security agreement, and obtained possession of the Vehicle on October 24, 1992. Credit Union executed and filed the lien entry form on November 24, 1992. Thus, according to the plain language of § 1110(A)(2), Credit Union perfected its security interest in the Vehicle on November 24, 1992.

Credit Union contends its security interest was perfected on October 24, 1992, the date Debtor executed the security agreement. Credit Union bases its argument upon the following statement in *Hesser:*

Oklahoma law provides that when a Lien Entry Form is presented to the Oklahoma Tax Commission or its agent within fifteen days after execution of the Lien

Entry Form, the perfection of the security interest relates back to the date of the execution of the security agreement. 984 F.2d at 347. On the facts set forth in *Hesser*, that statement is correct. In *Hesser*, the debtor executed the security agreement and the creditor executed the lien entry form on April 16, 1990. On May 1, 1990, the fifteenth day thereafter, the creditor delivered the lien entry form to the Tax Commission or its agent. In accordance with 47 O.S. § 1110(A)(2), perfection related back to April 16, 1990, the date the creditor executed the lien entry form, which was the same date the debtor executed the security agreement. In the instant case the lien entry form and the security agreement were executed on different dates, causing the application of the literal language of 47 O.S. § 1110(A)(2) to yield a result different from that of *Hesser*.

Credit Union alternatively contends that the phrase "perfection of the security interest shall begin from the date of the execution of the lien entry form" in 47 O.S. § 1110(A)(2) is a drafting error. However, there is no legislative history in support of that view. The statute was first enacted in 1985, and has been amended by the legislature four times since its original enactment without a change in the language here in issue. For this reason, this Court is not willing to join in such speculation.

Credit Union having perfected its security interest in Debtor's Vehicle on November 24, 1992, for purposes of § 547 that is the date the transfer occurred.[1] Because Debtor executed the promissory note and security agreement on October 24, 1992, and the transfer by perfection did not occur until November 24, 1992, the transfer constitutes one made on account of an antecedent debt.

### Decision

In light of the foregoing, Credit Union's perfection of its security interest in Debtor's Vehicle constitutes a transfer which is

avoidable as a preference pursuant to § 547 of the Bankruptcy Code. Therefore, Trustee's motion for summary judgment must be granted.

IT IS SO ORDERED.

---

1. (2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

    (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; [or]

    (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days....

11 U.S.C. § 547(e)(2)(A) and (B).