In re Robert McGOWAN and Adrien D. McGowan, Debtors.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Robert J. McGOWAN and Adrien D. McGowan and James J. O'Connell, Standing Chapter 13 Trustee, Defendants.

Bankruptcy No. 81–03683G.
Adv. No. 82–0105G.

United States Bankruptcy Court, E. D. Pennsylvania.

May 10, 1982.

Esther L. Hornik, Cozen, Begier & O'Connor, Philadelphia, Pa., for plaintiff, Federal Nat. Mortg. Ass'n.

Thomas J. Turner, III, Philadelphia, Pa., for debtors/defendants, Robert McGowan and Adrien D. McGowan.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether a sheriff's sale of the debtors' residence in Chester County is valid pursuant to § 549(c) of the Bankruptcy Code ("the Code") notwithstanding the fact that the sale occurred after the debtors had filed a petition for an adjustment of their debts under chapter 13 of the Code. We conclude that the sale is valid under § 549(c) because it was perfected before a copy of the debtors' petition was filed in the Office of the Recorder of Deeds of Chester County.

The facts of the instant case are as follows:[1] On January 9, 1979, the Federal National Mortgage Association ("the mortgagee") commenced mortgage foreclosure proceedings against Robert and Adrien McGowan ("the debtors") on premises located at 34 Marshall Circle, Downingtown, Chester County, Pennsylvania. After several delays,[2] the property was listed for sheriff's sale on September 18, 1981. On September 11, 1981, the debtors filed a petition for an adjustment of their debts under chapter 13 of the Code. On the Saturday before the scheduled sheriff's sale, the debtors went to the sheriff's office of Chester County to deliver a copy of their petition. Since that office was apparently closed, the copy was left at an adjoining office with the request that it be delivered to the sheriff on Monday. Apparently that request was not honored because, on September 18, 1981, the debtors' realty was sold at sheriff's sale to the mortgagee and the sheriff's deed was subsequently issued and recorded.

Thereafter, on December 11, 1981, the mortgagee received notice that the debtor had filed a petition on September 11 under chapter 13 of the Code. The mortgagee consequently filed the instant complaint

seeking a determination that the sheriff's sale was valid and that the mortgagee thus held title to the property. As the basis for its complaint, the mortgagee relies on § 549(c) of the Code which provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—
>
>> (1) that occurs after the commencement of the case; and
>>
>> (2)(A) that is authorized under section 303(f) or 542(c) of this title; or
>>
>> (B) that is not authorized under this title or by the court.

.   .   .   .   .

> (c) The trustee may not avoid under subsection (a) of this section a transfer ... to a purchaser at a judicial sale, of real property located other than in the county in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith or judicial sale purchaser.[3]

The mortgagee admits that the sheriff's sale in the instant case falls within the scope of § 549(a) as a transfer of property of the estate that occurred after the commencement of the case and that was not authorized by the Code or the court. However, the mortgagee asserts that the transaction falls within the exception of § 549(c) and we agree with that contention.

In this case, the sheriff's sale of the debtors' property was a transfer to a purchaser at a judicial sale of real property located in a county (Chester County) other than the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The delays were occasioned in part by the debtors' filing of two prior petitions under the

Code which petitions were subsequently dismissed.

3. 11 U.S.C. § 549(a) and (c).

county (Philadelphia County) in which the debtors' chapter 13 petition was filed. Furthermore, that transfer was perfected when the sheriff issued the deed and it was subsequently recorded.[4] Finally, the perfection of that transfer occurred prior to the filing of a copy of the debtors' chapter 13 petition in "the office where conveyances of real property in such county are recorded." The debtors' attempt to file a copy of their petition with the sheriff's office, even if they had been successful, would not have fulfilled the requirements of filing under § 549(c).[5] The office where the conveyances of real property are recorded in Chester County is the Office of the Recorder of Deeds of that county.[6] Since the debtors failed to file a copy of their petition in that office prior to the time when the sheriff's sale was perfected, we conclude that the sale is not avoidable pursuant to § 549(c) and that the mortgagee holds valid title to the property pursuant to that sale.

---

4. *See* Pa.Stat.Ann. tit. 12, §§ 2447, 2531, 2537 and 2547 (Purdon); Pa.Stat.Ann. tit. 42, Rules 3132 and 3135 (Purdon). *See also, In re Spark-man*, 9 B.R. 359, 3 C.B.C.2d 856 (Bkrtcy.E.D.Pa. 1981); *In re Russell*, 8 B.R. 342, 7 B.C.D. 288 (Bkrtcy.W.D.Pa.1980).

5. However, if the debtors had been successful in giving the sheriff actual notice of their peti-

tion under chapter 13, then the sheriff might have been in violation of the automatic stay provisions of the Code by conducting the sale. *See, e.g., In re Wilson*, Bankr. No. 81-00424 (Bkrtcy.E.D.Pa. April 9, 1982).

6. *See* Pa.Stat.Ann. tit. 21, § 351 (Purdon).