In re Clifford D. BERNARD, Debtor.

ADMINISTRATOR OF VETERANS AFFAIRS, Plaintiff,

v.

Clifford D. BERNARD and James J. O'Connell, Trustee, Defendants.

Bankruptcy No. 81–02585G.
Adv. No. 82–0879G.

United States Bankruptcy Court,
E. D. Pennsylvania.

June 28, 1982.

---

Joel Friedman, Friedman & Anderson, Media, Pa., for plaintiff, Administrator of Veterans Affairs.

Michael L. Douglas, Philadelphia, Pa., for debtor/defendant, Clifford D. Bernard.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge.

The issue at bench is whether the Administrator of Veterans Affairs is entitled to relief from the automatic stay provisions of the Bankruptcy Code ("the Code") to permit it to proceed with eviction proceedings to obtain possession of property from the debtor. We conclude that it is entitled to such relief because it has title to that property by virtue of a sheriff's sale which, although it was perfected *after* the debtor filed his first petition under the Code, is not avoidable by the debtor in a complaint under § 549(c) of the Code, filed in its second chapter 13 petition (the first having been dismissed).

The facts of the instant case are as follows: [1] On August 15, 1980, the real property owned by Clifford D. Bernard ("the debt-or") and located at 922 West 7th Street, Chester, Pennsylvania, was sold at a sheriff's sale conducted by the Sheriff of Delaware County on a writ of execution obtained by Mid-City Federal Savings and Loan Association ("Mid-City"). Mid-City was the successful bidder on the property at that sale and thereafter assigned its bid to the Administrator of Veterans Affairs ("the VA"). On August 18, 1980, the debtor filed a petition in Philadelphia County for an adjustment of his debts under the Chapter 13 of the Code.[2] Notwithstanding the filing of that petition (and the attendant automatic stay) the sheriff's deed purporting to convey title to the property to the VA was executed on September 4, 1980, and recorded on September 30, 1980.

On June 30, 1981, the debtor's case under chapter 13 was dismissed on motion of the chapter 13 standing trustee but on July 2, 1981, the debtor filed a second petition under chapter 13.[3] In the interim, the VA had commenced eviction proceedings against the debtor which proceedings were stayed on August 12, 1981, when the VA was advised that the debtor had filed a petition under the Code. Subsequently, the VA filed the instant complaint for relief from the stay to permit it to proceed with the eviction proceedings.

The debtor asserts that the VA is not entitled to the requested relief because its title to the property is defective, having been obtained in violation of the automatic stay provisions of the Code. We agree with the debtor's contentions that the automatic stay provisions of the Code prohibit a person from taking any actions to obtain possession of the property of the debtor or to enforce a lien against such property[4] and that the stay did prohibit the action taken in this case by the Sheriff and the VA in issuing and recording the deed to the debt-or's property in September, 1980.[5] In addi-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Bankr. No. 80–02030K.

3. Bankr. No. 81–02585G.

4. See 11 U.S.C. § 362(a)(1) and (5).

5. See, e.g., In re Wilson, 19 B.R. 45 (Bkrtcy.E.D.Pa.1982).

tion, we agree that normally any actions or transfers in violation of the automatic stay provisions of the Code are avoidable by the debtor pursuant to § 549(a) of the Code which states:

(a) Except as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.[6]

However, § 549(c) provides an exception to the avoidability of postpetition transfers:

(c) The *trustee may not avoid* under subsection (a) of this section *a transfer . . . to a purchaser at a judicial sale, of real property located other than in the county in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith or judicial sale purchaser.*[7]

In this case, the sheriff's sale of the debtor's property was a transfer to a purchaser at a judicial sale of real property located in a county (Delaware County) other than the county (Philadelphia County) in which the debtor's chapter 13 petition was filed. Furthermore, that transfer was perfected *vis a vis* a bona fide purchaser when the sheriff issued the deed and it was subsequently recorded.[8]

In addition, the perfection of that transfer occurred prior to the filing of a copy of the debtor's chapter 13 petition in "the office where conveyances of real property in such county are recorded." The office where such conveyances are recorded is the Office of the Recorder of Deeds of Delaware County.[9] Although the debtor's attorney stated that he notified the Sheriff of Delaware County of the debtor's filing under chapter 13 prior to the time when the sheriff issued the deed,[10] the attorney admitted that no copy of the debtor's petition was ever filed in the Office of the Recorder of Deeds of Delaware County. Since § 549(c) provides that a copy of the debtor's petition must have been filed in the Office of the Recorder of Deeds before the VA perfected its title and since that was not done in the instant case, we conclude that § 549(c) precludes the debtor from avoiding the transfer to the VA.[11]

Since the only defense raised by the debtor to the VA's complaint for relief from the stay was the assertion that the transfer of title to the VA was void as a violation of the automatic stay and since we have concluded above that that transfer was not void and that the VA does have perfected title to the premises, we conclude that the

---

**6.** 11 U.S.C. § 549(a). Section 522(h) permits the debtor to avoid a transfer under § 549(a) if the trustee does not attempt to avoid that transfer and if the property could be exempted once the transfer is avoided. 11 U.S.C. § 522(h).

**7.** 11 U.S.C. § 549(c)(emphasis added).

**8.** *See* Pa.Stat.Ann. tit. 12, §§ 2447, 2531, 2537 and 2547 (Purdon); Pa.C.S.A. tit. 42, Rules 3132 and 3135 (Purdon). *See also, In re McGowan,* 19 B.R. 952 (Bkrtcy.E.D.Pa.1982); *In re Sparkman,* 9 B.R. 359, 3 C.B.C.2d 856 (Bkrtcy.E.D.Pa.1981); *In re Russell,* 8 B.R. 342, 7 B.C.D. 288 (Bkrtcy.W.D.Pa.1980).

**9.** *See* Pa.Stat.Ann. tit. 21, § 351 (Purdon).

**10.** The debtor's attorney testified that his office sent a letter on August 22, 1980, notifying the Sheriff of Delaware County of the filing of the debtor's petition and that the return receipt shows that that letter was received by the Sheriff's Office on August 25, 1980. The debtor's attorney also testified that he personally called the Sheriff's Office and informed them of the filing of the debtor's petition.

**11.** *Accord In re McGowan,* 19 B.R. 952 (Bkrtcy. E.D.Pa.1982). While the sheriff's actions in issuing the deed after the debtor's filing may be punishable by contempt, if it was a knowing violation of the automatic stay provisions of the Code, that does not change the result under § 549(c). *Id.* at 954.

VA is entitled to relief from the stay to permit it to proceed with its eviction proceedings against the debtor.