In re Johnny Lee GRAHAM and Mary J. Graham, Debtors.

Joseph B. BLANTON, Jr., Edward D. Tinsley, III and John R. Chase d/b/a Pee Dee Properties, a South Carolina Partnership, Plaintiffs,

v.

Johnny Lee GRAHAM, Mary J. Graham and W. Keenan Stephenson, Jr., Trustee, Defendants.

Bankruptcy No. 83–00717.
Complaint No. 83–0759.

United States Bankruptcy Court,
D. South Carolina.

Aug. 8, 1983.

John R. Chase, Florence, S.C., for plaintiffs.

George G. Reaves, Florence, S.C., for defendants/debtors.

William K. Stephenson, Jr., Columbia, S.C., trustee.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter comes before the court on the plaintiff's complaint for relief from the stay pursuant to 11 U.S.C.[1] § 362(d)(1) and (2).

## FACTS

On March 18, 1983, the debtors executed a note to Aiken Loan and Security Co., the note was secured by a mortgage on the debtors' residence (real property). The note and mortgage were assigned to the plaintiff.

Following a default on the note by the debtors, the plaintiff commenced a foreclosure proceeding in state court.

---

1. Further reference to sections of the Bankruptcy Code of 1978 will omit the identically numbered sections of Title 11, United States Code.

On April 7, 1983, a decree of foreclosure was executed and recorded in the state court action.

On April 27, 1983, the debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code.

On May 2, 1983, the real property was sold at public auction pursuant to the state court decree of foreclosure.

The Master-In-Equity never executed a deed conveying the real estate to the plaintiffs.

On May 11, 1983, the plaintiffs filed a motion to have the state court sale confirmed. At the hearing scheduled on the plaintiff's motion, no one appeared on the plaintiff's behalf, and the court denied the relief sought by the plaintiffs.

On June 8, 1983, the plaintiffs filed their complaint seeking relief from the automatic stay so they could take possession of the property purchased at the state court sale.

## ISSUE

The issues before the court are: (1) whether the plaintiffs are entitled to relief from the automatic stay so as to enable them to take possession of the real estate; and (2) whether the transfer of the real estate is avoidable under § 549(a).

## DISCUSSION AND CONCLUSION

### I

■ Inasmuch as, at the time of the filing of the debtors' petition for relief, the state court foreclosure action had only proceeded to the point of the entry of the judgment of foreclosure, the real estate involved was still "property of the estate" as defined in § 541(a) and as such subject to the protection of the automatic stay. *Presidential Row, Inc. v. Citizens Savings Bank (In re Presidential Row, Inc.)*, 37 B.R. 1 (Bkrtcy.D.S.C.1983). *See also, United States v. Whiting Pools, Inc. (In re Whiting Pools, Inc.)* —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

Because the real estate was "property of the estate" protected by the automatic stay, and because the plaintiffs have not met their burden of proving cause for relief from the automatic stay, *see, MacGregor v. Ostrander (In re Ostrander)*, Case No. 82–01164, Complaint No. 83–0486 (Bkrtcy. D.S.C. May 6, 1983), and have not proved the debtors' lack of equity in the real estate as required by § 362(g)(1),[2] the plaintiffs are not entitled to relief under § 362(d)(1) or § 362(d)(2).

Therefore, the plaintiffs' request for relief from the automatic stay is denied.

### II

■ Post-petition transfers in violation of the automatic stay are avoidable by the trustee pursuant to § 549(a).[3] *Administrator of Veterans Affairs v. Bernard (In re Bernard)*, 9 B.C.D. 601, 21 B.R. 287 (Bkrtcy. E.D.Pa.1982); *Federal National Mortgage Assoc. v. McGowan, (In re McGowan)*, 8 B.C.D. 1341, 19 B.R. 952, 6 C.B.C.2d 829 (Bkrtcy.E.D.Pa.1982); *Russell v. Equibank (In re Russell)*, 7 B.C.D. 288, 8 B.R. 342 (Bkrtcy.W.D.Pa.1980).

Section 549(c)[4], however, provides an exception to the avoidance of post-petition transfers pursuant to § 549(a).

2. § 362(g): In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—(1) the party requesting such relief has the burden of proof on the issue of debtor's equity in property; . . . .

3. § 549(a): Except as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2)(A) that is authorized under section 303(f) and 542(c) of this title; or (B) that is not authorized under this title or by the court.

4. § 549(c) states, in pertinent part, that: The trustee may not avoid under subsection (a) of this section a transfer, . . . to a purchaser at a judicial sale, of real property located other than in the county in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law

 For § 549(c) to apply to a purchaser at a judicial sale of real estate located in a county other than the county in which the debtor's petition for relief in bankruptcy was filed, the purchaser's title must have been so far perfected under state law as to defeat a subsequent *bona fide* purchaser, and such perfection must have occurred before a copy of the debtor's petition for relief was filed in the office where real property conveyances are recorded in the county where the real estate involved is located.

 Because, under South Carolina law, a judgment debtor may sell property subject to levy and sale by the sheriff even after a judgment is entered, *see,* S.C.Code §§ 15–39–780 to 820 (1976), and because a conveyance by the officer making the sale is required to pass the rights and interests sold, S.C.Code § 15–39–830 (1976)[5], and because such a deed is "deemed *res judicata* as to any and all *bona fide* purchasers for value without notice . . . .", S.C.Code § 15–39–870 (1976), this court is of the opinion that, in judicial sales of real estate, a purchaser at a judicial sale is not protected under § 549(c) until the conveyance is executed by the officer selling the real estate. With the execution of the conveyance, the adjudged rights of the judgment debtor are transferred, and at that time a *bona fide* purchaser of the property could not acquire an interest superior to that of the purchaser at a judicial sale, thus § 549(c) would preclude the transfer's being avoided by the trustee pursuant to § 549(a).

 In this case a copy of the debtors' petition for relief was filed in the office of the Register of Mesne Conveyances for Aiken County before the Master's deed was executed, therefore, the transfer does not fall within the protection of § 549(c) and may be avoided under § 549(a) by the trustee.

permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith or judicial sale purchaser.

ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that the relief sought under § 362(d) be denied, the complaint dismissed and judgment entered for the defendants.

**5.** S.C.Code § 15–39–830: Upon a judicial sale being made and the terms complied with the officer making the sale must execute a conveyance to the purchaser which shall be effectual to pass the rights and interests adjudged to be sold.