**In re Terry C. SCRUGGS and Jeanette Scruggs, Debtors.**

**Bankruptcy No. 83–01269.**

United States Bankruptcy Court, South Carolina.

May 15, 1984.

upon the plaintiff's or complainant's right of action from the date of the filing of the suit.

1. Such a proceeding is an adversary proceeding and must be commenced by the filing of a

M. Parker Vick, Spartanburg, S.C., for debtors.

William Keenan Stephenson, Jr., Columbia, S.C., Trustee.

Finkel, Georgaklis, Goldberg, Sheftman & Korn, P.A., Columbia, S.C., for Colonial Mortgage.

### ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter comes before the court on the trustee's motion [1] on behalf of the debtors to avoid an alleged post-petition trans-

complaint. Bankruptcy Rules 7001(1), 7003. *See*, Advisory Committee Note to Bankruptcy Rule 7001.

 

fer of the debtors' residence pursuant to 11 U.S.C. § 549(a).[2]

## FACTS

On July 28, 1983, pursuant to foreclosure proceedings instituted by Colonial Mortgage Company, the Master-in-Equity of Spartanburg County executed his deed conveying to a third party the real estate in which the debtors resided.

On August 26, 1983, the debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code.

On December 22, 1983, the trustee filed this motion to avoid the transfer of property by the Master-in-Equity.

## DISCUSSION AND CONCLUSION

Because the Master-in-Equity executed his deed prior to the filing of the debtors' petition for relief, this court is of the opinion that the transfer in question is not avoidable under 11 U.S.C. § 549(a). *See, Graham v. Blanton (In re Graham)*, 35 B.R. 15 (Bankr.D.S.C.1983).

Even if the Master-in-Equity's delivery of the deed and its subsequent recording were post-petition transfers, the transfers would fall within the proscription of 11 U.S.C. § 549(c)[3]—thus, they would not be avoidable under 11 U.S.C. § 549(a)—because prior to the filing of a copy of the debtor's petition for relief in the office of the Register of Mesne Conveyances for Spartanburg County, these transfers were so far perfected under state law that a *bona fide*

purchaser could not "acquire an interest that is superior to the interest of" [a] "good faith or judicial sale purchaser." *See, In re Graham, supra.*

## ORDER

For the reasons stated above the motion to avoid the transfer of the debtors' residence pursuant to 11 U.S.C. § 549(a) should be, and hereby is, denied.

AND IT IS SO ORDERED.

**2.** § 549: *Postpetition transactions.* (a) Except as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2)(A) that is authorized under section 303(f) and 542(c) of this title; or (B) that is not authorized under this title or by the court.

**3.** § 549: *Postpetition transactions.* (c) The trustee may not avoid under subsection (a) of this section a transfer, to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value or to a purchaser at a judicial sale, of real property located other than in the county in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith or judicial sale purchaser. A good faith purchaser, without knowledge of the commencement of the case and for less than present fair equivalent value, of real property located other than in the county in which the case is commenced, under a transfer that the trustee may avoid under this section, has a lien on the property transferred to the extent of any present value given, unless a copy of the petition was so filed before such transfer was so perfected.