In re GATEWAY NORTH ESTATES, INC., Debtor–Appellant,

v.

Clyde E. BAILEY and Jacqueline Stamey, Creditors–Appellees.

Civ. A. No. 94–70378.
Bankruptcy No. 93–47558–G.

United States District Court,
E.D. Michigan,
Southern Division.

July 6, 1994.

380

Stuart A. Gold, Gold &. Lang, Southfield, MI, Edward Higgins, Birmingham, MI, for Gateway North Estates, Inc.

David Miller, Erman & Teicher, Southfield, MI, for Jacqueline Stamey.

## ORDER GRANTING DEBTOR'S APPEAL FROM BANKRUPTCY COURT'S JANUARY 21, 1994 ORDER LIFTING STAY TO ALLOW SECURED CREDITORS TO FORECLOSE ON REAL PROPERTY

GADOLA, District Judge.

On January 21, 1994, the bankruptcy court entered an order lifting the automatic stay in debtor's Chapter 7 bankruptcy action, thereby allowing the secured creditors to foreclose on a parcel of real property known as the east ½ of section 33 and the west ½ of section 34, Collier County, Florida (the "Wiggins–Bailey" parcel). Debtors filed a notice of appeal to the district court on January 31, 1994 and a brief on appeal April 4, 1994. Creditors filed a brief in opposition to the appeal April 29, 1994.

### I.  Facts

Gateway North Estates, Inc. ("Debtor") is a land-holding corporation whose only assets consist of three parcels of land, one unencumbered parcel in Michigan and two parcels in Florida. The two parcels in Florida, referred to herein as the "Jude parcel" and the "Wiggins–Bailey parcel" are encumbered by mortgages held by the respective sellers of these parcels.

In the fall of 1992, foreclosure actions were pending on both of the Florida parcels. To stave off foreclosure, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 1, 1992. On January 21, 1993, the bankruptcy court dismissed the Chapter 11 case, ruling that there was no hope for a reorganization of the company, and that the facts surrounding the Debtor's case were inconsistent with the purpose of Chapter 11. On February 25, 1994, this court affirmed the bankruptcy court's dismissal of the Chapter 11 proceeding.

Following the dismissal of the Chapter 11 proceeding, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 12, 1993. According to Debtor's petition, the 640–acre Wiggins–Bailey parcel (the parcel at issue in the instant appeal) is listed in Debtor's petition as having a current market value of $3,840,000 ($6,000 per acre), and as being subject to the mortgagee's secured claim of approximately $600,000.

On November 11, 1993, the Trustee filed a "Motion to Sell Real Property by Public Sale Free and Clear of Liens." The Debtor filed an objection to this motion on November 16, 1993. On December 16, 1993, Secured Creditors Clyde E. Bailey and Jacqueline Stamey filed a "Motion for Relief from Stay." Debtor filed a response to this motion December 28, 1993.

The bankruptcy court held a hearing on both of these motions on January 13, 1994. The bankruptcy court denied the Trustee's motion to sell the property free and clear of liens at the January 13, 1994 hearing and granted the Debtor until July 1, 1994 to sell the property on the open market. See Transcript at 13. This ruling was based on the bankruptcy court's finding that it was not in the best interests of the estate and its creditors to sell at that time because the property had not been marketed long enough.

The bankruptcy court then went on to consider the Creditors' motion to lift the stay. The Creditors claimed that they were at risk of losing their equity in the property between January 13, 1994 and July 1, 1994. The Creditors introduced no evidence establishing the value of the property. They argued to the court that the Debtor had made no quarterly payments on the property in over a year which the Debtor admitted was true. Based on the fact that no monthly payments were being made, the bankruptcy court determined that the investment of the Creditors was not adequately protected and granted the Creditors motion to lift the stay. On January 21, 1994, the bankruptcy court entered a one-page written order granting the motion for relief from stay and allowing secured creditors Clyde E. Bailey and Jacqueline Stamey to foreclose on the "Wiggins–Bailey" property. Debtor appeals the bankruptcy court's January 21, 1993 ruling, claiming that the court failed to hold any evidentiary hearing on the issues raised by the Creditors' motion.

## II. Standard of Review

■ A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard of review. *In re American Mariner Indust., Inc.,* 734 F.2d 426, 429 (9th Cir.1984). A bankruptcy court's conclusions of law are reviewed *de novo. Id.*

## III. Analysis

■ The Creditors' motion to lift the stay did not specify whether they were seeking relief from the automatic stay under 11 U.S.C. § 362(d)(1) or 11 U.S.C. § 362(d)(2). Section 362(d) of the Bankruptcy Code reads as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) *with respect to a stay of an act against property* under subsection (a) of this section,[1]
>
> if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (emphasis added).

The bankruptcy court's decision centered on the issue of whether the Creditors had "adequate protection" of their security interest. Thus, the bankruptcy court, though it cites no section of the Bankruptcy Code, was apparently applying the language of subsection 362(d)(1). Because the lifting of the stay in this case will remove "a stay of an act against property," that is, the stay of the foreclosure on the property, this court finds that the motion for stay is governed by section 362(d)(2) and not by section 362(d)(1). Under the language of section 362(d)(2), adequate protection is not an issue, rather the primary issue is whether the Debtor main-

---

**1.** Section (a) provides as follows:

§ 362. **Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301 [providing for voluntary cases] ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ..., or to recover a claim against the debtor that arose before the commencement of the case ...;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case ...;

(3) any act to obtain possession of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate ...;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case ...;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case ...;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case ... against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

tains an equity interest in the property. The question of the Debtor's equity in the property was not addressed by the bankruptcy court.

■ The decision to grant relief under section 362(d)(2) is not purely discretionary because it must be based on the bankruptcy court's findings of fact with respect to the conditions defined by section 362(d)(2). *In re Fischer*, 136 B.R. 819, 824 (D.Alaska). The statute provides that the court *shall* grant relief if the two conditions in section 362(d)(2)(A) and (B) are met. 11 U.S.C. § 362(d) (emphasis added). As findings of fact, the bankruptcy court's findings with respect to these conditions are subject to review under the clearly erroneous standard. *In re Fischer*, 136 B.R. at 824, *citing* Bank.R. 8013.

The two conditions set forth in section 362(d)(2) are: (A) the Debtor does not have an equity interest in [the] property; and (B) such property is not necessary to an effective reorganization. In the instant case, Debtor's petition for bankruptcy was filed under Chapter 7 which does not provide for reorganization. Thus, condition (B), that the property not be necessary for an effective reorganization, is met.

■ The only question the bankruptcy court needed to address, therefore, was whether the Debtor maintains an equity interest in the property. The party moving for relief from the stay has the burden of proving that the Debtor does not have an equity interest in the property. 11 U.S.C. § 362(g).[2] In the instant case, the Creditors stated at the hearing that they were willing to purchase the property "for the amount of the debt and assume the property taxes. *We don't know if this property is worth more or less.*" Transcript at 13 (emphasis added). They claimed that "there is no showing that the property is worth more than we say, which is the amount of our debt, other than the bold assertions of the Debtor, who obviously has an interest in it." *Id.* at 14. Thus, the transcript of the January 13, 1994 hearing before the bankruptcy court clearly indicates that the Creditors, who were the mov-

ants for relief from stay, did not even attempt to meet their burden. It is *the movants'* burden to prove that the Debtor has no equity interest in the property, rather than the Debtor's burden to prove that he has an interest; the bankruptcy court misconstrued this rule.

This court finds that the bankruptcy court erred by not holding an evidentiary hearing on the issue of the property's value and the value of the Creditor's claim; such a hearing would have provided the bankruptcy court with a basis for making a factual finding as to the Debtor's equity interest in the property.

Therefore, for the foregoing reasons, the court finds that the bankruptcy court's order granting the Creditors' motion to lift the stay and allowing the Creditors to foreclose on the Wiggins–Bailey parcel was in error with respect to the bankruptcy court's choice of law applicable to the motion, and was clearly erroneous with respect to the bankruptcy court's failure to hold an evidentiary hearing or make any factual finding as to whether the Debtor has an equity interest in the property.

## *ORDER*

Therefore, it is hereby **ORDERED** that the Debtor's appeal from the bankruptcy court's January 21, 1994 order granting Creditors' motion for relief from stay and allowing Creditors to foreclose on real property, is **GRANTED;**

It is further **ORDERED** that the ruling of the bankruptcy court, set forth in that court's January 21, 1994 "Order Lifting Stay to Allow Secured Creditors to Foreclose on Real Property," is hereby **REVERSED;**

It is further **ORDERED** that the case is **REMANDED** to the bankruptcy court for further proceedings in accordance with this order.

**SO ORDERED.**

---

2. This subsection provides that "the party requesting [relief under subsection (d)] has the burden of proof on the issue of the debtor's equity in property; and [] the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g).