**In re GENERAL HOLDING CORPORATION,
Debtor.**

**Bankruptcy No. 94–13718–260.**

United States Bankruptcy Court,
E.D. New York.

Aug. 23, 1994.

Shaw, Licitra, Parente, Esernio & Schwartz, P.C. by Bradley Max, Garden City, NY, for debtor.

Sullivan & Cromwell by William L. Farris and Weil, Gotshal & Manges by Marvin E. Jacob, New York City, for Gen. Elec. Capital Corp.

Ganz, Hollinger & Towe by Jerrietta Hollinger, New York City, for Resolution Trust Corp.

Douglas Spelfogel, Office of U.S. Trustee, Garden City, NY.

***OPINION***

CONRAD B. DUBERSTEIN, Chief Judge.

This opinion is rendered for the purpose of providing the District Court the basis of this Court's oral bench decision of August 3, 1994 which granted motions for relief from the automatic stay provided for by Section 362 of the Bankruptcy Code brought on by secured mortgage lien creditors General Electric Capital Corporation ("GECC") and the Resolution Trust Corporation as Receiver of State Savings, F.A. ("RTC"), inasmuch as this Court has been informed that General Holding Corporation, the Debtor herein, ("Debtor") has appealed from said orders.

**BACKGROUND**

The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court on May 6, 1994. No Trustee, Examiner or Creditor's Committee has been appointed.

The Debtor is engaged in the business of owning and managing eleven commercial condominium units located at 300 Old Country Road, Mineola, New York, and two residential condominium units located at 205 Mineola Boulevard, Mineola, New York, both of which premises were constructed by the Debtor in or about 1986, and which the debtor has owned since completion.

GECC holds a first mortgage on eleven commercial condominium units located at the 300 Old Country Road premises. It initiated foreclosure proceedings in respect of its lien, in the Supreme Court of the State of New York, Nassau County, wherein a judgment of foreclosure was entered on April 11, 1994 in the amount of $7,105,087.72, plus interest and costs, and in which a Receiver was appointed.

RTC initiated an action to foreclose its mortgage October 2, 1992 in the United States District Court, Eastern District of New York. As of March 2, 1992 the amount owing on the indebtedness was in excess of $305,400.

Both GECC and RTC moved this Court on June 24, 1994 for an Order, pursuant to Section 362(d) of the Bankruptcy Code, granting them relief from the automatic stay

to continue with their foreclosure proceedings. In addition, GECC requested alternative relief for an Order pursuant to Section 1112(b) of the Bankruptcy Code, dismissing this case. The Debtor opposed both motions.

At the hearing held before this Court, the Debtor contended that GECC is no longer the holder of the mortgage above referred to, having sold the same to Goodrich Old Country Road Associates L.P. ("Goodrich"). After hearing argument by all parties, the Court rendered an oral decision dismissing this case in light of the conflicting positions taken by the parties, but not based on the argument of GECC that the case be dismissed as set forth in its motion papers.

Thereafter and on June 30, 1994, having been requested by counsel for the Debtor and the mortgagees, the Court vacated its oral decision of June 24, 1994 and restored the motions for relief from the stay and the alternative relief for dismissal for a hearing before it on July 6, 1994.

At the hearing on July 6, 1994, Goodrich filed a joinder in GECC's motion for relief from the stay and for dismissal of this case. At said hearing this Court learned that Goodrich had entered into a purchase and sale agreement with GECC dated September 22, 1993 pursuant to which the GECC mortgage was sold to Goodrich and which was thereupon assigned by it to GECC to secure performance of Goodrich's obligations under the Agreement, that GECC is still the mortgagee of record, and that the Agreement provided that in the event General Holding filed a petition in bankruptcy, GECC would file an appropriate motion to lift the automatic stay so as to allow foreclosure of the mortgage. Subsequent thereto, this Court set down a hearing returnable August 3, 1994, to consider the aforesaid motions for relief from stay and dismissal of this case.

Prior thereto, GECC conducted examinations of witnesses, including Mr. Gary Melius, the principal officer of the Debtor, and

Melvin Ditkowich, an alleged Creditor of the Debtor. In addition, GECC filed written objections to a claim set forth in the Debtor's schedules of unsecured creditors as due Mr. Ditkowich and his wife, Luba Ditkowich, on the ground that they are not creditors of the Debtor (the "Ditkowich Claim"). No claim has been filed by the Ditkowiches in this case. GECC also filed objections to the claim of Key Bank which is listed as a creditor of the Debtor in its schedules.

After hearing argument on August 3, 1994, this Court proceeded to consider only the motions to lift the stay without passing upon the motion to dismiss this case, and found as follows:

1. With respect to the property subject to the GECC mortgage:

a. The Debtor's schedule of assets and liabilities filed with its petition for relief on a Chapter 11, on May 6, 1994, reflect that the Old Country Road property has a value of $4,100,000, and that the amount due GECC as of that date was $6,180,000.

b. GECC, joined with Goodrich, has filed a claim in the sum of $7,140,544 of which $4,294,000 is a secured claim and $2,846,544 is an unsecured claim, together with costs and interest.

c. The foregoing amounts of GECC's and Goodrich's secured and unsecured claims arise out of the value of the subject property of $4,100,000 as applied to the total claim of $7,140,544, in accordance with the provisions of Section 506(a) of the Bankruptcy Code.[1]

2. With respect to the property subject to the RTC mortgage:

a. Although the Debtor's schedules of assets and liabilities indicate that the property is valued at $300,000, subject to the mortgage lien of RTC in the sum of $500,000, RTC claims that there is due it the sum of $305,452.15, and that it has an unsecured claim under said mortgage for about $100,000.

---

1. Section 506(a) provides in pertinent part that: An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.
11 U.S.C. § 506(a).

3. In addition to the foregoing, RTC has an unsecured claim of $1,300,000.

4. The claim of Key Bank has been reduced to and allowed as an unsecured claim in the sum of $600,000 by consent.

5. Said schedules of liabilities list Melvin and Luba Ditkowich as unsecured creditors in the sum of $6,447,307, hereinabove defined as the Ditkowich Claim.

6. In addition to the foregoing, four other creditors are listed as unsecured for an aggregate amount of less than $110,000.

7. Pursuant to Section 1111(a) of the Bankruptcy Code, the Ditkowich Claim as listed in the Debtor's schedules is deemed filed for $6,447,307 pursuant to Section 501 of the Bankruptcy Code, and is deemed allowed for that amount under Section 502 of the Bankruptcy Code, as an unsecured claim.

8. In light of the objections to the Ditkowich Claim brought on by GECC, in which it contended that the claim is not valid and that they are not creditors of the Debtor, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure said claim is temporarily allowed in the sum of $6,400,000 solely for the purpose of permitting the Ditkowiches to vote for and accept the Debtor's Plan of Reorganization which was filed by the Debtor at the inception of this case.

9. GECC and RTC, whose aggregate unsecured claims amount to approximately $4,246,544, have indicated that they reject the Debtor's Plan.

10. The total of all of said unsecured claims amount to $11,403,544.

11. The scheduled amount of the Ditkowich Claim as temporarily allowed for $6,400,000, the claims of the aforesaid four creditors amounting to $110,000, and the claim of Key Bank for $600,000, total approximately $7,157,000.

12. Notwithstanding the inclusion of the temporary allowance of the Ditkowich Claim under Bankruptcy Rule 3018, even if they and the remaining creditors whose claims in the aggregate amount to $7,157,000 were to vote in favor of the Plan, the Debtor will not have the necessary 66⅔% in dollar amount of acceptances required by Section 1112(c) of the Bankruptcy Code to confirm its Plan inasmuch as acceptances in the amount of $7,602,362 are required.

## CONCLUSIONS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. The Debtor has no equity in the properties which are subject to the foregoing mortgages held by GECC and RTC.

3. The Debtor does not meet the requirements to confirm its Plan as required by the aforesaid Section 1126(c).

4. The automatic stays affecting the foreclosure proceedings initiated by GECC and RTC are lifted pursuant to the provisions of Section 362(d)(2) inasmuch as the Debtor does not have an equity in the subject properties and such properties are not necessary to an effective reorganization. *See United States Savs. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

5. The determination by this Court of the value of the subject properties, the amount of the claims of GECC, RTC and the temporary allowed claim of the Ditkowiches, arose out of the evidentiary hearing conducted by this Court on August 3, 1994. *See Gateway North Estates, Inc. v. Bailey (In re Gateway North Estates, Inc.)*, 169 B.R. 379 (E.D.Mich. 1994).

6. GECC and RTC sustained their burden of proof at said hearing with the respect to the Debtor's lack of equity in the properties, as required by Section 362(g) of the Bankruptcy Code. *See Id.*

7. The Debtor failed to sustain the burden of proof on all other issues, as required by Section 362(g) of the Bankruptcy Code. *See Id.*

Based upon all of the foregoing, on August 11, 1994 this Court entered Orders lifting

and vacating the automatic stays as the same affects GECC and RTC.