In re Leroy JONES and Paula Faye Jones, Debtors.

Bankruptcy No. 94–10423.

United States Bankruptcy Court, E.D. Texas, Beaumont Division.

Sept. 28, 1994.

---

536

Frank J. Maida, Beaumont, TX, for debtors.

Thomas J. Sibley, Beaumont, TX, for Alfred and Rosie Garcia.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court pursuant to regular setting the Motion of Alfred S. Garcia and Rosie A. Garcia for Relief from Automatic Stay. This opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

In March of 1989, Debtors purchased a certain tract of land from Movants known as:

Lot Nineteen (19) in Block Two (2) of SOUTH PARK THIRD ADDITION to the City of Beaumont, Jefferson County, Texas, according to the map or plat of record in Volume 8, Page 166, Map Records in the office of the County Clerk of said County and State.

Movants held a valid security interest in the form of a mortgage and lien on the above property. Movants' mortgage and lien were perfected and secured by a Deed of Trust filed of record in the Real Property Records of Jefferson County, Texas. Said Deed of Trust secured a promissory note (the "Note") payable to Movants by Debtors in the amount of $27,000.

Debtors first defaulted on the Note in 1991 and foreclosure proceedings were commenced. Debtors subsequently filed for relief under Chapter 13 of the Bankruptcy Code on June 20, 1991, Case No. 91–10690. Debtors' confirmed Chapter 13 plan proposed to pay Movants' claim directly outside the plan. In March 1994, Debtors' defaulted on the Note and foreclosure proceedings were again commenced.

On May 5, 1994, Debtor filed a Motion to Dismiss 91–10690 which was served on Movants through their attorney. Movants accelerated the Note on May 16, 1994.

On May 23, 1994, Debtors filed the current Chapter 13 proceeding. Notice of the proceeding was sent to an incorrect address and apparently never received by Movants. No petition has been filed in the Real Property Records of Jefferson County.

On June 7, 1994, Movants purchased the property for $28,000 at a properly noticed Trustee Sale. The Trustee's Deed was properly recorded.

Sometime after June 7, 1994, Movants' attorney was notified that a new Chapter 13 proceeding had been commenced.

Movants subsequently filed this Motion to Lift Stay to permit Movants to commence a forcible entry and detainer action against Debtors.

### DISCUSSION OF LAW

■ The Court must first determine the validity of the foreclosure sale before it can determine whether the stay should be lifted to permit forcible entry and detainer.

It is undisputed that the foreclosure sale occurred postpetition and is therefore in violation of the automatic stay provided by § 362(a). 11 U.S.C. § 362(a). The question, therefore, becomes whether violations of the automatic stay are automatically void or merely voidable.

Debtor cites *In re Schwartz*, 954 F.2d 569, 572 (9th Cir.1992) for the proposition that violations of the automatic stay are void. However, the Fifth Circuit clearly holds that violations of the automatic stay are merely voidable. *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990); *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 179 (5th Cir.1989). Even if this Court were inclined to follow the line of jurisprudence that holds any violation of the automatic stay to be an absolutely void act, it cannot do so. The Fifth Circuit opinions cited above clearly show that the Court analyzed this issue carefully and considered the conflicting authority before arriving at a well reasoned decision. Consequently, this Court must hold that violations of the automatic stay are merely voidable.

Since violations of the automatic stay are merely voidable, the Court must look to § 549 to determine whether the foreclosure sale can be avoided by the Debtor. Under § 549(c):

The trustee may not avoid ... a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser ... could not acquire an interest that is superior to the interest of such good faith purchaser ...

11 U.S.C. § 549(c).

Debtor asserts, without citation of authority, that the purchase of property by the mortgagee at a foreclosure sale is not the type of transaction contemplated by § 549(c). However, several cases have found that foreclosure sales do fall within the protection of § 549(c). See *In re Ward*, 837 F.2d 124 (3rd Cir.1988); *In re Bernard*, 21 B.R. 287 (Bkrtcy.E.D.Pa.1982); *In re McGowan*, 19 B.R. 952 (Bkrtcy.E.D.Pa.1982).

In *Ward*, the court held that the foreclosure sale was not protected by § 549(c) simply because the mortgagee failed to perfect its claim against a hypothetical subsequent bona fide purchaser. *Ward*, 837 F.2d at 127. This holding indicated that had the mortgagee perfected its claim, the sale would have been protected by § 549(c) and would not be set aside.

In *Bernard* and *McGowan* the mortgagees properly perfected their claims. Consequently, the court determined that the mortgagees held valid title to the property pursuant to the foreclosure sale. *Bernard*, 21 B.R. at 289; *McGowan*, 19 B.R. at 954.

In the present case, Movants did not have knowledge of the commencement of the case; Movants purchased the property at a foreclosure sale for present fair equivalent value; there was no copy or notice of the petition filed in the Real Property Records of Jefferson County; and Movants perfected their claim by properly recording the Trustees Deed prior to learning of the commencement of the Chapter 13 case. The foreclosure sale meets all of the requirements of § 549(c) and, therefore, cannot be avoided by Debtors. In fact, the Court has no pleadings before it requesting that it consider voiding the foreclosure sale. The Debtor presented no evidence to support that position and relied completely on his argument that the foreclosure sale was simply void ab initio. The Movants have valid title to the property.

■ The decision to grant relief under § 362(d)(2) is not purely discretionary; the

statute provides that the court shall grant relief if the two conditions in § 362(d)(2)(A) and (B) are met. *Gateway North Estates, Inc. v. Bailey,* 169 B.R. 379, 382 (E.D.Mich. 1994). The two conditions set forth in § 362(d)(2) are: (A) the Debtor does not have an equity interest in the property; and (B) such property is not necessary to an effective plan of reorganization. *Id.* The Court has already determined that Movants hold valid title to the property. Therefore, Debtor has no equity in the property and the property is not essential to a plan of reorganization.

The only defense raised by the Debtor to the Motion for Relief from Stay was the assertion that the transfer of title to Movants was void as a violation of the automatic stay. The Court has determined the transfer was not void and Movants have perfected title to the property and therefore, the Court concludes that Movants are entitled to relief from stay under § 362(d)(2) to commence forcible entry and detainer proceedings. *Bernard,* 21 B.R. at 289-90.

The automatic stay provision of § 362(a) will be modified to permit Movants to proceed with a forcible entry and detainer action against Debtors.